UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BOSTROM #647630,

    Plaintiff,                                    Hon. Gordon J. Quist

v.                                                              Case No. 1:15-cv-336

J. ROWLAND, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the Court on <u>Defendant's Motion for Summary Judgment</u>. (ECF No. 40). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**.

## BACKGROUND

    The following allegations are contained in Plaintiff's verified complaint. Plaintiff regularly received visits in prison from his mother and children. On an unspecified date in February 2013, Plaintiff's mother was visiting Plaintiff when the pair complained about foul language being directed at them by a female correctional officer. After making this complaint, Corrections Officer Rowland became hostile toward Plaintiff and his family. Plaintiff later told Rowland that if she continued to behave disrespectfully toward him and his family he would complain to her supervisors and file a grievance. Rowland responded by telling Plaintiff that she would terminate and permanently restrict his mother's visits if he complained or filed a grievance. Plaintiff informed Sergeant Benoit of

Rowland's threats and Benoit instructed Plaintiff not to complain or file a grievance. Plaintiff also complained to Warden McKee and Lieutenant Wise.

On February 9, 2013, Rowland terminated a visit from Plaintiff's mother after she "swung at" Rowland during an attempt to conduct a search. Warden McKee ultimately directed that Plaintiff's mother be permanently restricted from visiting any MDOC facility. During the week following this incident, Plaintiff was harassed by unit staff at Rowland's behest. On February 16, 2013, Plaintiff "succumbed" to this harassment and engaged in inappropriate behavior which resulted in him being charged with misconduct violations and taken to administrative segregation.

While escorting Plaintiff to administrative segregation, Corrections Officer Pepper shoved Plaintiff and bent his left wrist causing it to snap and break. Plaintiff told Pepper that he would file a grievance and sue Pepper for breaking his wrist. In response, Pepper told Plaintiff, "I know. That's what you get." Pepper later suggested that he broke Plaintiff's wrist because Plaintiff had complained about Rowland's behavior. Later that day, Registered Nurse Spurbeck visited Plaintiff's cell to examine his wrist. Spurbeck refused to examine Plaintiff's wrist and instead falsely reported that Plaintiff was "denying need for healthcare."

On February 22, 2013, Physician's Assistant Holt[1] examined Plaintiff. Holt concluded that Plaintiff's wrist "appeared and felt broken," but nevertheless refused Plaintiff medical care. Holt instead told Plaintiff, "this is what happens when [you] get into trouble." X-rays of Plaintiff's wrist, taken March 7, 2013, revealed that Plaintiff's wrist was broken. Plaintiff ultimately required surgery to repair his wrist.

---

[1] Holt, since married, is referred to as Wojciechowski in Plaintiff's complaint.

On March 26, 2013, Lieutenant Wise charged Plaintiff with misconduct for filing a grievance against Pepper alleging excessive force. Wise informed Plaintiff that he was "going to learn a lesson." On March 28, 2013, after Plaintiff told Sergeant Benoit that he intended to sue him and Rowland, Benoit responded, "So you haven't learned." A few minutes after this exchange Plaintiff was returned to administrative segregation based on a charge by Benoit that Plaintiff had engaged in threatening behavior, a charge which was subsequently dismissed.

Plaintiff initiated this action alleging various claims, a great many of which were dismissed on screening. At this juncture, the only claims remaining in this matter are: (1) retaliation claims against Defendants Rowland, McKee, Pepper, Wise, and Benoit, and (2) Eighth Amendment claims against Defendants Pepper, Spurbeck, and Holt. Defendant Holt now moves for summary judgment.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence

satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561.  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976).  Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps.  First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious.  A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). If the objective test is met, the Court must then determine whether the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could

> be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847).

In his verified complaint, Plaintiff alleges that he was examined by Defendant Holt on February 22, 2013. (ECF No. 1 at PageID.10 ¶ 29). Plaintiff alleges that Holt denied him medical treatment despite concluding that his wrist "appeared and felt broken." (ECF No. 1 at PageID.10 ¶ 29). In support of her motion, Defendant Holt has submitted various items of evidence, including an affidavit and copies of Plaintiff's medical records. This evidence reveals that Holt examined Plaintiff on February 22, 2013. (ECF No. 40-1 at PageID.285-88; ECF No. 42-1 at PageID.348-50). An examination of Plaintiff's left wrist revealed "painful range of motion," but no evidence of significant bruising, deformity, or fracture. (ECF No. 40-1 at PageID.285-88; ECF No. 42-1 at PageID.348-50). Holt provided Plaintiff with pain medication and ordered that x-rays of Plaintiff's left wrist be completed. (ECF No. 40-1 at PageID.285-88; ECF No. 42-1 at PageID.348-50).

X-rays of Plaintiff's left wrist were performed on March 7, 2013. (ECF No. 42-1 at PageID.351). These x-rays revealed a "mildly distracted" fracture of the distal radius, but no other abnormality. (ECF No. 42-1 at PageID.351). Defendant Holt casted Plaintiff's wrist the following day. (ECF No. 40-1 at PageID.285-88; ECF No. 42-1 at PageID.355-56). With respect to the timing of Plaintiff's x-rays, Defendant Holt asserts that the process by which x-rays are scheduled is "entirely out of [her] control." (ECF No. 40-1 at PageID.285-88). According to Holt, the facility at which Plaintiff

was then housed does not employ a full-time x-ray technician. (ECF No. 40-1 at PageID.285-88). Instead, an x-ray technician visited the facility one day each week and would perform as many x-rays that day as time allowed. (ECF No. 40-1 at PageID.285-88). While a prisoner can be taken to an emergency room for x-rays in the event of an emergency, Defendant Holt determined that Plaintiff's circumstance did not warrant emergency treatment. (ECF No. 40-1 at PageID.285-88). Plaintiff has presented no evidence which refutes or contradicts the evidence submitted by Defendant Holt.

The evidence before the Court reveals that Defendant Holt did, in fact, provide medical care to Plaintiff. While the evidence may support the contention that Defendant misdiagnosed Plaintiff's wrist injury, allegations of negligent treatment, misdiagnosis, or medical malpractice do not implicate the Eighth Amendment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

To the extent that Plaintiff claims that the delay in obtaining x-rays of his wrist violated his rights, he must present medical evidence establishing that he suffered a detrimental effect as a result of the alleged delay in treatment. *See, e.g., Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2004) ("an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in

medical treatment to succeed"). Plaintiff has presented no such evidence. Accordingly, the undersigned recommends that Defendant is entitled to summary judgment.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion for Summary Judgment</u>, (ECF No. 40), be **granted**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 23, 2017                    /s/ Ellen S. Carmody
                                      ELLEN S. CARMODY
                                      United States Magistrate Judge