UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN BOSTROM #647630,

       Plaintiff,

v.

J. ROWLAND, et al.,

       Defendants.

Case No.  1:15-CV-336

HON. GORDON J. QUIST

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 23, 2017, Magistrate Judge Ellen Carmody issued a Report and Recommendation (R & R) recommending that the Court grant Defendant Holt's motion for summary judgment. The The magistrate judge concluded that Plaintiff failed to create a genuine issue of material fact that Defendant Holt was deliberately indifferent to Plaintiff's serious medical needs because the evidence shows that Defendant Holt provided Plaintiff medical care for his wrist injury. The magistrate judge further concluded that Plaintiff failed to present any evidence showing that the delay in obtaining x-rays detrimentally affected Plaintiff's wrist.

Plaintiff has filed an Objection to the R & R, requesting that the Court reject the magistrate judge's proposed disposition and deny Defendant Holt's motion for summary judgment. Defendant Holt has filed a response to Plaintiff's Objection, requesting that the Court adopt the R & R and dismiss Defendant Holt from the case.

After conducting a *de novo* review of the R & R, Plaintiff's Objection, Defendant Holt's response, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Defendant Holt's motion for summary judgment granted.

In support of her motion for summary judgment, Defendant Holt presented evidence that on February 22, 2013, she spoke to Plaintiff and examined his wrist, noting that while there was some swelling, there was no obvious deformity or significant bruising suggesting a possible fracture. Defendant Holt gave Plaintiff pain medication and entered an order for an x-ray of Plaintiff's wrist. (ECF No. 40-1 at PageID.286–87.) Plaintiff does not dispute this evidence, but argues that summary judgment is improper because Plaintiff alleged in his verified complaint that Defendant Holt commented that Plaintiff's injury resulted from Plaintiff getting into trouble. (ECF No. 57 at PageID.643 (citing ECF No. 1 at PageID.10.) Even if Defendant Holt made such statement, Plaintiff fails to cite any evidence showing that Defendant Holt denied Plaintiff medical treatment as punishment for Plaintiff getting into trouble. Although Defendant Holt reasonably concluded that Plaintiff's situation did not require emergency treatment, she ordered an x-ray to obtain further information about the extent of Plaintiff's injury. Because Defendant Holt was not in charge of administering x-rays, she had no control over when Plaintiff's x-ray would be performed. (ECF No. 40-1 at PageId.285–88.) Thus, Plaintiff fails to show that Defendant Holt was deliberately indifferent to Plaintiff's serious medical needs. *See Mabry v. Antonini*, 289 F. App'x 895, 901 (6th Cir. 2008) (concluding that a doctor was entitled to summary judgment, in part, because he "had no control over when appointments would be scheduled").

Plaintiff also argues that he presented evidence that he was negatively affected by the delay in treatment of his wrist fracture. But the statement Plaintiff cites—Plaintiff's own recitation in his affidavit of what the outside doctor told him—is inadmissible hearsay that cannot support Plaintiff's claim that he was negatively affected by a delay in treatment. (ECF No. 50 at PageID.584.) Accordingly, this argument fails as well.

Therefore,

2

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued May 23, 2017 (ECF No. 55) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Holt's Motion for Summary Judgment (ECF No. 40) is **GRANTED**.

Dated: July 27, 2017                            /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE